Upon review of all the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence or rehear the parties or their representatives, the Full Commission MODIFIES and AFFIRMS the Opinion and Award of the Deputy Commissioner as follows:
Prior to the hearing before the Deputy Commissioner, the parties entered into a Pre-Trial Agreement which is incorporated herein by reference.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement and in the "Form 21" approved by the Industrial Commission on August 25, 1992 are admitted as evidence herein.
2. The parties entered into stipulations regarding records from Intra-Corp; Craven Evaluation Training Center (CETC); Trent Counseling and Psychiatric Services; CETC Employment Opportunities, Inc.; Edge Investigators Group; the deposition of Dr. Pelletier; and records and reports attached to depositions of Dr. Alston, Dr. Harvey, and Diane Donald and same are admitted into evidence.
 ***********
Based upon all of the competent evidence produced at the hearing, and including the exhibits and depositions submitted post-hearing, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. On April 25, 1992, the Plaintiff sustained an injury by accident, arising out of, and in the course of her employment with her then employer.
2. This case went to hearing before Deputy Commissioner Lawrence Shuping, Jr., on April 28, 1994, and Deputy Commissioner Shuping's Opinion and Award is made part of this record.
3. As part of the Opinion and Award issued by Deputy Commissioner Shuping on November 4, 1994, Deputy Commissioner Shuping found that Deborah Bryant Kearney was totally disabled; however, he stated that if the Defendants wanted to renew vocational rehabilitation efforts, it would be required to not only identify potentially suitable sedentary jobs, but perform a job analysis on them and submit them to Plaintiff's treating physician for approval. Additionally, if the Defendants proceeded in that manner, the Plaintiff was obligated to cooperate with any reasonable vocational rehabilitation efforts.
4. Plaintiff had treated with Trent Counseling and Psychiatric Services since January 1993, and was being treated for depression.
5. In January 1995, the Plaintiff was advised to report to CETC to participate in a vocational rehabilitation program.
6. Plaintiff attended an initial meeting with CETC in January 1995, but did not attend the program in February 1995, due to physical pain and depression.
7. Plaintiff was again directed to attend the program in March 1995, but was again unable to attend due to physical pain and depression.
8. As a result of Plaintiff's failure to attend the program at CETC, a telephonic informal hearing was held and pursuant to Special Deputy Commissioner W. Bain Jones, Jr.'s Administrative Decision and Order of May 11, 1996, Plaintiff's compensation was suspended until she completed the vocational assessment program.
9. Plaintiff was rescheduled for the two-week program in June 1995, and attended to the extent her physical limitations and depression allowed her.
10. At the end of June 1995, Plaintiff received notice that the program was to last an additional three to six months.
11. Plaintiff was again scheduled for the program in August 1995.
12. The Plaintiff was still under treatment for her depression, when, on August 15, 1995, the Plaintiff's treating psychiatrist, Dr. Bert Bowen Harvey, advised that Plaintiff was very depressed, anxious, and frustrated by her physical and emotional condition. Further, Dr. Harvey stated that Plaintiff tried to complete the prior programs despite her intense pain and depression, and it was Dr. Harvey's opinion that Plaintiff could not attend the additional program at CETC because the stress would be too much for her to bear. Dr. Harvey was the only deponent whose expertise as a psychiatrist was stipulated by the parties.
13. Plaintiff followed up with her treating psychiatrist and Diane Donald, her treating psychological associate, for her depression through 1995 and continued to follow up with Dr. Harvey and Diane Donald through the date of the hearing. Reports from her treating psychiatrist, issued subsequent to August 1995, indicate that she continues to suffer from pain and depression, and none of the reports indicate that Plaintiff has recovered to the extent that she can handle the stress of another evaluation program.
14. As of the date of Dr. Harvey's deposition, it was her opinion that at that time, Plaintiff would not benefit from a vocational situation where she could pursue retraining, due to her pain and emotional distress.
15. In addition to treating with Dr. Harvey, a psychiatrist, Plaintiff also treated with Diane Donald, a licensed psychological associate. It was Ms. Donald's opinion in August 1995, that Plaintiff would not be able to manage the distress of participating in the program at that time. None of Ms. Donald's subsequent notes or reports indicate that Plaintiff has recovered to the extent that she could handle the stress of such a program, and as of the date of her deposition, Diane Donald testified that Plaintiff was still struggling with depression.
16. The Defendant had Plaintiff evaluated by Dr. Alston one time in January 1995. Dr. Alston administered a personality test which indicated significant distress. Dr. Alston also reports that Plaintiff's depression scale was significantly elevated and would suggest a significant depressive episode. At his deposition, Dr. Alston testified that this was consistent with Dr. Harvey's diagnosis. Further, Dr. Alston's evaluation supported the presence of depression with additional feelings of anger and frustration, and at his deposition, agreed that his evaluation agreed with Dr. Harvey's. Further, Dr. Alston's report recommended increased activities and continued treatment for depression.
Dr. Alston's evaluation also states that Plaintiff had a positive attitude toward treatment and the value of therapy. Dr. Alston closed his report by stating he does not feel she is likely to be successful in full-time employment in her present state.
17. Prior to Dr. Alston's deposition, defense counsel showed Dr. Alston video segments totaling about 35 minutes. The video segments showed an increased level of activity by Plaintiff, but Dr. Alston could not say after viewing the tape, that she was not depressed.
18. Plaintiff was found to be totally disabled by Deputy Commissioner Shuping on April 28, 1994, and no credible evidence has been introduced to show that she is no longer totally disabled.
19. Based on the greater weight of the evidence, Plaintiff suffers from depression resulting from her work-related physical injuries. Due to plaintiff's depression and physical limitations, she was incapable of completing the vocational rehabilitation programs scheduled for her in 1995, and she is still incapable of successfully completing vocational rehabilitation.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following
 CONCLUSIONS OF LAW
1. Plaintiff was found to be totally disabled by Deputy Commissioner Shuping on April 28, 1994, and the Full Commission finds that she remains totally disabled. N.C. Gen. Stat. §§ 97-2(6) and 97-29.
2. Plaintiff was incapable of successfully completing the vocational rehabilitation programs scheduled for her in January, March' and June 1995 due to her continuing total disability and the depression that resulted from her work-related injuries, and Plaintiff is still incapable of participating in a vocational rehabilitation program at this time due to her total disability (N.C. Gen. Stat. § 97-29).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. The Defendant shall reinstate compensation payments to Plaintiff, on account of her continuing total disability, at a rate of $285.19 per week from March 17, 1995 and continuing until further order of the Industrial Commission. Such compensation as has accrued under the above Award shall be paid in a lump sum, without commutation subject to a reasonable attorney fee, hereinafter approved (N.C. Gen. Stat. 97-29).
2. A reasonable attorney fee in the amount of twenty-five (25) percent of the accrued benefits due under the above Award is hereby approved for Plaintiff's counsel, which shall be deducted from the above Award and forwarded directly to him. For the balance of the attorney fee (for the Plaintiff's continuing benefits), Defendant shall forward every fourth compensation check payable hereunder directly to Plaintiff's counsel.
3. To the extent same is reasonably required to effect a cure, provide needed relief from and/or lessen the period of disability associated therewith, the Defendant shall pay all reasonable and necessary medical expenses (as determined by Plaintiff's treating physicians) incurred by Plaintiff as a result of the injuries by accident, giving rise hereto, including as part thereof any psychiatric treatment as required, when bills for same are submitted on proper forms, and approved through procedures adopted by the Industrial Commission.
4. The Defendant shall bear the costs.
 *********** ORDER
It is further ORDERED that the Administrative Decision and Order of the Special Deputy Commissioner, W. Bain Jones, Jr., is VACATED and defendant shall reinstate forthwith compensation benefits to plaintiff, on account of her continuing total disability, at a rate of $285.19 per week from March 17, 1995, and continuing until further order of the Industrial Commission.
 S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ __________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ __________________ LAURA K. MAVRETIC COMMISSIONER